**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ATLEISURE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SORARA OUTDOOR LIVING USA, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff ATLeisure, LLC ("Plaintiff" or "ATLeisure"), files this Complaint against Defendant Sorara Outdoor Living USA, Inc. ("Sorara"), and alleges as follows in its Complaint:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement of ATLeisure's U.S. Patent No. 8,104,492 ("the '492 Patent") (attached as Exhibit 1). ATLeisure asserts the '492 Patent against Defendant for making, using, offering to sell, selling, and/or importing various patio and outdoor umbrellas.

## II. PARTIES

### A. Plaintiff ATLeisure, LLC.

2. Plaintiff ATLeisure, LLC is a limited liability company organized under the laws of Georgia, with its principal place of business located at 1040 Boulevard SE, Suite B, Atlanta, Georgia 30312.

3. Established in 2011, ATLeisure designs, manufactures, markets, and sells umbrellas, furniture, and fire pits for outdoor living. Specifically, ATLeisure's patio and outdoor umbrellas are designed, manufactured, sold, and distributed throughout the United States. Headquartered in Atlanta, Georgia, ATLeisure is a fully integrated U.S., European, and China Operation.

4. ATLeisure represents an exceptional sales and design force with a combined 50 years' experience and is committed to delivering high quality products, patented designs, and superior customer service worldwide. One of ATLeisure's primary product lines is outdoor patio umbrellas sold under the brands ATLEISURE and SEASONS SENTRY.

5. ATLeisure has positioned itself as a leader of outdoor living products with a continued commitment to "on-trend" patented designs and inventions, use of long-lasting materials, and superior engineering.

6. ATLeisure owns numerous patents and trademarks for outdoor patio furniture, and in particular, for outdoor umbrellas. ATLeisure actively enforces its patents, including through cease and desist letters and litigation

where necessary, and it has licensed its patents on numerous occasions.

**B. <u>Defendant Sorara Outdoor Living USA, Inc.</u>**

7. Defendant Sorara Outdoor Living USA, Inc. is a California corporation, which (in California corporate filings) identifies its principal place of business located at 357 North Covina Lane, City of Industry, California 91746. In its current California corporate filings, Defendant lists its mailing address as 290 Interstate North Circle SE, Suite 150, Atlanta, Georgia 30339.

8. Defendant's Atlanta address is consistent with the product labeling on an accused product purchased this year at a retail location in Atlanta Georgia, which states as follows:




9. ATLeisure has confirmed that Defendant is conducting business from the same Atlanta address provided to the California Secretary of State as

a mailing address, as evidenced by the below photographs (including the right image showing a view into Suite 150 with umbrellas visible):









10. Upon information and belief, Defendant advertises, makes, uses, offers to sell, sells, and/or imports offset umbrella into this state and this district under the brand Mirador, including the umbrella depicted at the following Costco webpage: https://www.costco.com/p/-/mirador-114-

cantilever-umbrella-with-rolling-base/4000403609?langId=-1:




11. Upon information and belief, this umbrella is or has been sold through Costco, including Costco locations in this state and this district.

12. Defendant is a direct competitor with ATLeisure's umbrella business.

## III. JURISDICTION AND VENUE

13. ATLeisure's patent infringement claims arise under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this

Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338.

14. Defendant is subject to personal jurisdiction in this district because they purposefully direct their sales of goods, utilizing the '492 Patent, to Georgia residents by selling to stores placed the infringing products on sale within the United States, including Georgia and this judicial district. In particular, Defendant has made and continue to make, have offered to sell and continue to offer to sell, have sold and continue to sell, have used and continue to use, and have imported and continue to import patio and outdoor umbrellas that infringe valid and enforceable claims of the '492 Patent via their distributors and customers in this district, such as through Costco.

15. Venue is proper over Defendant in this judicial district pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since Defendant has a regular, established physical location in this district and is, upon information and belief, an alien engaged in infringing activities and causing harm within this district by advertising, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's '492 Patent into this district and the Defendant is subject to personal jurisdiction within this district with respect to the action brought herein.

## IV. FACTUAL BACKGROUND

### A. <u>ATLeisure's U.S. Patent No. 8,104,492</u>

16. On January 31, 2012, the United States Patent and Trademark Office duly and legally issued the '492 Patent, titled, "Adjustable Offset Umbrella."

17. ATLeisure has exclusive rights in the '492 Patent, including the right to use and enforce the patent. Defendant is on notice of the '492 Patent and the alleged infringement described herein as to certain of its umbrellas.

**B. Defendant's Accused Umbrella**

18. Upon information and belief, Defendant sells the Mirador 11.4' Cantilever Umbrella with Rolling Base, depicted at the following web page https://www.costco.com/p/-/mirador-114-cantilever-umbrella-with-rolling-base/4000403609?langId=-1.

**C. Defendant's Patent Infringement**

19. Defendant infringes at least Claim 1 of the '492 Patent, as set forth in the claim chart attached hereto as Exhibit 2, which depicts infringement by one of the Accused Umbrellas. The product shown is illustrative of Defendant's infringing product.

20. Defendant is on notice of ATLeisure's allegations of infringement, as counsel notified Costco and Defendant on or about March 2026, expressly alleging infringement of the '492 patent by the Mirador-branded umbrella. Upon information and belief, Defendant continues to make, use, sell, offer for sale, advertise and import the Accused Umbrella with knowledge of

infringement across multiple brands and product types.

21. Defendant has committed and continue to commit acts of patent infringement, whether literally or under the doctrine of equivalents, within the United States, in the State of Georgia, and in this judicial district and division. For example, upon information and belief, Defendant has offered for sale and sold various patio and outdoor umbrellas, including the Accused Umbrella. On further information and belief, Defendant makes, uses, offers to sell, sells, and/or imports the Accused Umbrellas across the United States, including in Atlanta, Georgia.

## V. COUNT I: INFRINGEMENT OF THE '492 PATENT

22. ATLeisure restates and realleges Paragraphs 1 to 21 as if fully stated herein.

23. Upon information and belief, Defendant Sorara manufactures, uses, imports, offers for sale and/or sells products in the United States and in this judicial district that directly infringe one or more claims of the '492 Patent, literally or under the doctrine of equivalents, as set forth in the claim chart referenced herein.

24. Defendant's counsel responded to cease & desist letters from ATLeisure's counsel, but failed to cease infringing activities. To the extent Defendant has infringed or continued to infringe after knowledge of the '492 Patent, such infringement was deliberate, knowing, and willful.

25. ATLeisure, under 35 U.S.C. § 284, may recover damages adequate to compensate for the Defendant's infringement.

26. ATLeisure has been, and continues to be, damaged and irreparably harmed by the Defendant's infringement, which will continue unless this Court enjoins the Defendant.

27. The Court should declare this an exceptional case under 35 U.S.C. § 285, based at least on continued infringement after notice, entitling ATLeisure to recover treble damages and attorneys' fees.

## PRAYER FOR RELIEF

ATLeisure prays for judgment in its favor and against the Defendant as follows:

(a) That the Defendant has infringed one or more claims of the '492 Patent;

(b) Once Defendant had knowledge, that the infringement has been willful;

(c) That this case be declared an exceptional case under 35 U.S.C. § 285;

(d) That ATLeisure be awarded damages adequate to compensate ATLeisure for the Defendant's infringement of the '492 Patent, including lost profits, but in no event less than a reasonable royalty;

(e) That ATLeisure's damages be trebled;

(f) That ATLeisure be awarded its attorneys' fees and costs;

(g) That this Court enjoin the Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with them, or any of them, from further infringement of the '492 Patent;

(h) That ATLeisure be awarded pre- and post-judgment interest on all damages;

(i) That ATLeisure be awarded all its costs and expenses in this action; and

(l) Such further and other relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 1, 2026.

/s/ Cynthia J. Lee
Cynthia J. Lee
Georgia Bar No. 442999
c.lee@pkhip.com
Perilla Knox Hildebrandt
Staley & Amy LLP
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: 770-927-7802
Facsimile: 877-389-6779

Ryan T. Santurri (*Pro Hac Vice Application forthcoming)*
Florida Bar No. 015698
rsanturri@allendyer.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: 407-841-2330
Facsimile: 407-841-2343

*Attorneys for Plaintiff*